ANNA E. STOCKTON, RESPONDENT, v. ANDERSON MOTOR SERVICE COMPANY ET AL., APPELLANTS.—89 S. W. (2d) 573.

Kansas City Court of Appeals. November 12, 1935.

*Harris & Koontz* for respondent.

*Russell Field* for appellants.

TRIMBLE, J.—This case originated in the Missouri Workmen's Compensation Commission by Anna E. Stockton (mother of and

dependent on Robert S. Stockton), filing a claim for compensation for the death of her son caused on August 15, 1934, by an accident arising out of and in the course of his employment.

She alleged in her claim that her son's average weekly wages were $18; that the accident occurred on August 14, 1934, about 8:30 A. M., near Collinsville, Illinois, on the public highway where the son was engaged in work for his employers driving a truck carrying freight, which ran off the road and injured him so that he died on August 15, 1934; that his employers were the Anderson Motor Service Company and Reese Phipps, and the insurer was the American Employers Insurance Company.

An answer was filed by Anderson Motor Service Company and its insurer in which they denied that the deceased was an employee of the Anderson Motor Service Company but asserted that he was employed by Phipps Brothers of Kansas City, Missouri, who were independent contractors, and that the accident resulting in Stockton's death did not occur on or about the premises of Anderson Motor Service Company.

A hearing was had before Commissioner James, who made a finding that deceased, Robert S. Stockton, was employed by Reese Phipps who was an independent contractor, and that at the time and place of the fatal injury, Phipps was doing work for the Anderson Motor Service Company, but the work was not being done on or about the premises of the Anderson Motor Service Company, and it is not liable for the death of the said employee of Reese Phipps, an independent contractor; wherefore, the commissioner found that the Anderson Motor Service Company, and its said insurer are released and discharged from any and all liability on account of the fatal accident to said Robert S. Stockton.

The commissioner further found that Reese Phipps was a minor employer and had not elected to accept the provision of the Missouri Workmen's Compensation Act and the commission was without jurisdiction to hear and determine the claim against said Phipps.

Commissioner James thereupon refused to make any award of compensation to the claimant, but found in favor of the employer and insurer.

In due time, claimant applied for a review by the full commission and this was had; and on March 29, 1935, a majority of the commission reversed and set aside the order made by Commissioner James, and awarded compensation for said accident in favor of the claimant and against the said employer Anderson Motor Service Company and its insurer, the American Employers Insurance Company, the award being $30.50 for medical aid, $150 for burial expenses and to the dependent mother, Anna E. Stockton, $10 per week for 300 weeks. Later on the same day, March 29, 1935, a majority of the commission found, from the evidence, that the Anderson Motor Service

Company was in the business of transporting freight by truck over the highways of this and other states; that for the purpose of carrying on this business they contracted with Reese Phipps to haul some of the freight for them; that Phipps was an independent contractor, and the deceased, Robert S. Stockton, was hired by Phipps to help transport the freight; that the accident occurred in Illinois but the contract of employment was made in Missouri.

The majority of the commission also found that the Anderson Motor Service Company had contracted with Phipps to do the work which was an operation of their usual business; that as the far greater portion of the business of the Anderson Motor Service Company was conducted on the highways of the different states in which the company operated, therefore, in the opinion of the majority of the commission the highways were a part of the company's premises for the purpose of conducting their business of hauling freight, and therefore this work was a part of its usual business, and, as the accident occurred on or about their premises, the Anderson Motor Service Company was an employer of the deceased and must be deemed an employer of the deceased and liable for his death.

Commissioner James dissented because, in his view, the highways could not be construed to be the premises of the Anderson Motor Service Company and, as the accident did not occur on or about their premises, there is no liability on its part.

The employer and its insurer appealed to the Circuit Court of Jackson County, Missouri, and on May 4, 1935, it being the forty-eighth day of the March, 1935, term, said award made by the majority of the commission was affirmed, and judgment rendered thereon accordingly. Employer and its insurer have appealed to this court.

Paragraph (a) of Section 3308, Revised Statutes of Missouri, 1929, says "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

The record shows that Robert S. Stockton, the deceased, was employed in Kansas City, Missouri, by M. R. Phipps who was in the trucking business; that he had a contract with the Anderson Motor Service Company, in which he is described as an independent contractor, wherein he agreed to furnish and maintain a motor truck and trailer in good condition, furnishing all necessary gas, oil, tires, repairs and labor for the operation thereof and all accessories required by the laws of all the states in which Phipps might operate, at his own expense.

August 13, 1934, Phipps and Stockton left St. Louis with his truck

and trailer loaded for points east. When they arrived at Mulberry Grove, Illinois, they found that they had left their waybills behind and thereupon the trailer was disconnected and left while the two men returned in the empty truck for the waybills, and while doing so, and passing through Collinsville, Illinois, Robert S. Stockton driving, the truck struck the curb and side of the street at a turn therein, and was demolished, Stockton being injured so badly that he died the next day, August 15, 1934.

The evidence also shows that the Anderson Motor Service Company is engaged in the hauling of freight with trucks and trailers of its own in Kansas City, a truck terminal, together with facilities at its business office, occupying the northeast corner and also the southeast corner of Missouri Avenue and Oak Street in said last named city, the business office being at the northwest corner, at which they have a shop for the repair of automobiles, and a parking station at the southeast corner and a similar establishment at 1516 North Fourteenth Street, St. Louis, at which is maintained a business office, a shop or terminal depot and parking lot.

It is difficult for us to see how it can be said that appellants, the Anderson Motor Service Company and its insurer American Employers Insurance Company can be held liable on the theory that deceased was killed "on or about the premises" of the Anderson Motor Service Company or that he was doing work "on or about his (its) premises which is an operation of the usual business which he *there* carries on." These words, as used in Section 3308, Revised Statutes of Missouri, 1929, clearly have reference to a particular specific place and cannot be construed to mean any public highway or street wherever or over which the truck may have occasion to travel in transporting goods being transported. The very phrase "the usual business which he *there* carries on" restricts it to a *specific* place; and if the Legislature meant it to apply to any place in a public road or street when the accident happened then certainly it would have expressed that idea in words more fittingly applicable. Practically the same view was announced in Rutherford v. Tobin Quarries, Inc., 92 S. W. (2d) 918.

The respondent claimant for compensation cannot recover on the theory that the Anderson Motor Service Company and Reese Phipps, who employed deceased, were "joint adventurers" and that, therefore, the former can be regarded as the real employer of deceased and be held liable to the claimant for compensation. But the commission found, on evidence justifying it, that Reese Phipps was an independent contractor; and such evidence brought him within that term as defined in the case of Rutherford v. Tobin Quarries, Inc., 82 S. W. (2d) 918. Phipps had but one employee and of course could not be regarded as operating under the Workmen's Compensation Law, and indeed, the commission so found. Paragraph D of

Section 3308 says the liability of the immediate employer shall be primary and the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable; but if the employee was insured by his immediate or intermediate employer then the employer who would otherwise be secondarily liable, should not be held liable. It would seem that for an employer to be primarily liable under the compensation law he must be a major employer, i. e., having more than ten employees. Phipps was a minor employer and was not under the act. How then could the Anderson Motor Service Company recover from Phipps under Paragraph D above mentioned? And how could one be a joint adventurer and at the same time be an independent contractor? It would seem that the contention or claim of "joint adventurer" would apply in any case of independent contractor as well as in this case.

If, as a matter of law and fact, there was any substantial competent evidence to support the finding and award of the majority of the commission, it would be our duty and obligation to follow it, but that is not the situation.

The judgment affirming the award of a majority of the commission is reversed and the cause is remanded with directions to render judgment in favor of appellants. All concur.